UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

ANGELA DUBYK, on his own behalf
and others similarly situated,

    Plaintiff,

v.

RLG PIZZA INC. D/B/A
VITARELLI'S PIZZA, a Florida Profit
Corporation and RICHARD GRYL,
Individually

    Defendants.
_____/

## COMPLAINT

Plaintiff, ANGELA DUBYK ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, RLG PIZZA INC. D/B/A VITARELLI'S PIZZA, a Florida Profit Corporation ("RLG PIZZA"), and RICHARD GRYL, Individually (collectively "Defendants") and state as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and Article X, Section 24 of the Florida Constitution to recover unpaid overtime compensation, unpaid minimum wage compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## **PARTIES**

3. At all times material hereto, Plaintiff was, and continues to be a resident of Palm Beach County, Florida.

4. At all times material hereto RLG PIZZA was a Florida Corporation. Further, at all times material hereto, RLG PIZZA was engaged in business in Florida, with a principal place of business in Florida.

5. RLG PIZZA is a restaurant located in Palm Beach County. As a result of the services provided by RLG PIZZA, two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce.

6. At all times relevant to this action, Richard Gryl was an individual resident of the State of Florida, who owned and operated RLG PIZZA, and who regularly exercised the authority to: (a) hire and fire employees of RLG PIZZA; (b) determine the work schedules for the employees of RLG PIZZA; and (c) control the finances and operations of RLG PIZZA. By virtue of having exercised that authority on behalf of RLG PIZZA, Richard Gryl is an employer as defined by 29 U.S.C. 201 et. seq.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

8. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, Defendants purchased equipment and products manufactured outside the State of Florida.

11. At all times material hereto, Defendants were and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Plaintiff was "engaged in commerce" and subject to the individual coverage of the FLSA.

14. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage under the FLSA.

15. The additional persons who may become plaintiffs in this action are/were server of the Defendants, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one of more work weeks during the relevant time periods but who did not receive pay at one and a half times their regular rate for their hours worked in excess of forth (40).

16. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

## STATEMENT OF FACTS

17. From approximately April 2011 through August 23, 2013, Plaintiff was employed with Defendants as a Server.

18. At various material times within the last 3 years, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

19. During the time period from April 2011 through August 23, 2013, Defendants failed to compensate Plaintiff at the rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

20. Defendants have violated Title 29 U.S.C. §207 from at least April 2011 through August 23, 2013, and continuing to date, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period in which she was employed with Defendant;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and a half times Plaintiff's regular rate for those hours worked in excess of forty (40) per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

21. Plaintiff has retained RUBENSTEIN LAW, P.A. to represent Plaintiff in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff realleges and reavers paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. From at least April 2011 through August 23, 2013, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and a half times Plaintiff's regular rate of pay.

24. Plaintiff was, and are entitled to be paid at the statutory rate of one and a half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40).

25. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

26. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and a half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) per week, plus liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

29. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) hours or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to them, proper overtime wages for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants, jointly and severally:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RECOVERY OF MINIMUM WAGES (FEDERAL)

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Plaintiff has not been paid the minimum wage for each hour worked from at least April 2011 through August 23, 2013 of her employment with Defendants, because her hourly wages were reduced below the applicable minimum wage requirement.

32. Defendants willfully failed to pay Plaintiff minimum wage for the duration of her employment contrary to 29 U.S.C. § 206 because it was aware of the minimum wage law requirements but failed to comply with same.

33. In addition, Defendants failed to post the required posting regarding minimum wage requirements.

34. At all times material hereto, Defendants failed, and continue to fall, to maintain proper time records as mandated by the FLSA.

35. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

36. Plaintiff demands a trial by jury.

<u>**COUNT III**</u>
<u>**RECOVERY OF MINIMUM WAGES (STATE LAW)**</u>

37. Plaintiff adopts all allegations in paragraph 1 through 36.

38. Plaintiff, and those similarly situated employees, and/were entitled to be paid minimum wage for each hour worked during employment with Defendants.

39. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants refused to make payment for same.

40. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

41. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff, and all other similarly situated employees, demands judgment against Defendants for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all hours at applicable minimum wage rates;

c) Liquidated damages;

d) A declaration that Plaintiff was wrongfully denied minimum wage as applicable by law;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## COUNT IV
## DECLARATORY RELIEF

42. Plaintiff adopts all allegations in paragraph 1 through 41.

43. Plaintiff and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C.§1331, as a federal question exists.

44. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202.

45. Plaintiff may obtain declaratory relief.

46. Defendants employed Plaintiff.

47. Defendants are an enterprise.

48. Plaintiff was individually covered by the FLSA.

49 Defendants failed to pay Plaintiff for all hours worked.

50. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

51. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

52. Defendants did not rely upon a good faith defense.

53. Plaintiff is entitled to an equal amount of liquidated damages.

54. It is in the public interest to have these declarations of rights recorded.

55. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

56. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

57. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked over forty hours in a work week without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants failed to prove a good faith defense, Plaintiff is entitled to overtime compensation, liquidated damages and reasonable attorney's fees and costs pursuant to the FLSA.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

DATED this 10th day of October, 2013.

Respectfully submitted,

_____
Kelly McCallum, Esq.
Florida Bar No.: 648779
RUBENSTEIN LAW, P.A
2 South University Drive, Suite 235
Plantation, FL 33324
Telephone:  (954) 661-6000
Facsimile:  954-515-5787
E-mail:     kelly@Rubensteinlaw.com
Trial Counsel for Plaintiff