UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81028-Civ-Marra/Matthewman

ANGELA DUBYK, on her own behalf
and others similarly situated,

        Plaintiff,

vs.

RLG PIZZA, INC. d/b/a VITARELLI'S
PIZZA, and RICHARD GRYL,
individually,

        Defendants.
_____/



## ORDER

THIS CAUSE is before the Court upon Defendants, RLG Pizza, Inc. d/b/a Vitarelli's Pizza and Richard Gryl's Motion to Compel Plaintiff's Attendance for Plaintiff's Deposition and for Sanctions against Plaintiff for Failing to Attend Her Properly Noticed Deposition [DE 19] and Plaintiff, Angela Dubyk's ("Plaintiff") Motion for Sanctions against Individual Defendant Richard Gryl ("Defendant") for Willful Actions to Impede the Prosecution of a Federal Proceeding [DE 23]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery-related motions. *See* DE 16. The parties have each responded in opposition to the motions. *See* DEs 22, 28. Additionally, the Court held an evidentiary hearing on the motions on February 6, 2014. The matters are now ripe for review and disposition.

1

## MOTIONS

In their motion, Defendants seek to compel Plaintiff's attendance at her deposition since Plaintiff failed to appear for her properly noticed deposition on January 14, 2014. [DE 19]. They are also seeking sanctions in the amount of $1,306.00 pursuant to Federal Rule of Civil Procedure 37(d)(1)(A) and 37(d)(3). *Id.* In her motion, Plaintiff is seeking sanctions under the Court's inherent powers against Defendant Richard Gryl because he allegedly threatened Plaintiff on the day preceding her scheduled deposition, which she cites as the main reason she did not attend the deposition. [DE 23]. Both parties have attached affidavits supporting their positions. [DEs 20, 22, 24].

## EVIDENTIARY HEARING

The Court held a telephonic hearing on these matters on February 4, 2014. At that time, Defendants' counsel requested that an evidentiary hearing be held, and the Court agreed that an evidentiary hearing was necessary given the contradictory affidavits of the parties. At the February 6, 2014 evidentiary hearing, Plaintiff, Angela Dubyk, Defendant, Richard Gryl, and Michelle Hardy, a legal assistant at Minerley Fein P.A., each testified.

Plaintiff testified that, on January 13, 2014, one day before her scheduled deposition, Defendant, her former employer, approached her while she was walking to work in the shopping center where both Defendant's restaurant and Plaintiff's new workplace are located. According to Plaintiff, Defendant stated, "What the fuck is going on Angela? If you show up tomorrow to your deposition, you will have a fucking problem. Watch out." Plaintiff did not reply to Defendant. Plaintiff then walked past her workplace to a bench outside a movie theater in the same shopping plaza. Defendant sat down outside his pizza restaurant, which is only two or

three store fronts down from Plaintiff's current workplace. When Plaintiff walked back to her workplace and opened the door, Defendant stated, "Angela, remember what I fucking said. I will know by 11 a.m. tomorrow what I need to do." Plaintiff again said nothing. She called her attorney soon after the incident and told him that she was afraid to attend her deposition the next day. Plaintiff also told her mother about the threats. She was particularly concerned about her safety and the safety of her child because Defendant had told her in the past that he owned a firearm.

According to Plaintiff, she did not visit Defendant's business on January 13, 2014, or any time after filing the lawsuit. She acknowledged that her boyfriend did enter Defendant's restaurant alone prior to January 13, 2014, to speak with Defendant after Defendant called the Florida Department of Children and Families to report Plaintiff multiple times and after Defendant showed Plaintiff's co-workers photographs related to Plaintiff's criminal arrest. Plaintiff explained that, while her grandmother really was ill on the date of the deposition, that it not why she failed to attend. She admitted that she could have found alternate transportation and said that she would have attended the deposition but for Defendant's threats. Plaintiff conceded that a portion of her affidavit was incorrect.[1] She admitted that, one week before her scheduled deposition, she went to Minerley Fein, P.A.'s office with her mother and father. Additionally, Plaintiff testified that her boyfriend did not call Plaintiff's counsel explaining that Plaintiff would not be attending the deposition due to a family emergency; she did say that her mother had contacted the attorney regarding Plaintiff's fear of attending the deposition due to Defendant's threats.

---

[1] In paragraph 8 of her affidavit, Plaintiff stated that she "could not get a ride to the deposition because my mother

Defendant testified next. He stated that Plaintiff had never even worked for him but that she used to "hang out" in front of the restaurant (on more than 20 occasions) and might have assisted Defendant's children in serving customers on an unauthorized, unpaid basis. He also stated that Plaintiff was homeless for a period of time, and that he sometimes provided her with free food at night. Defendant testified that Plaintiff came into Defendant's restaurant on January 13, 2014. At that time, Defendant asked, "what is this all about Angela?" Plaintiff responded that she would be giving a deposition the next day and "you will see." Plaintiff then exited the restaurant. Defendant said that he never threatened Plaintiff at all and that his question to her on January 13, 2014, made sense in context. Defendant testified that, after the lawsuit was filed, but prior to January 13, 2014, Plaintiff had come to Defendant's restaurant, had apologized to Defendant for filing the lawsuit, and had said that her mother was forcing Plaintiff to pursue the lawsuit or else her mother would prevent Plaintiff from seeing Plaintiff's child. Plaintiff had also told Defendant on that earlier date that she was going to "cancel" the lawyer, had hysterically cried, and had said that she was "sick of living her mother's life." Therefore, on January13th, Defendant was simply asking Plaintiff why she was still going forward with the lawsuit in light of her prior statement to him.

Defendant stated that he was not, and could not have been, outside the restaurant during the busy lunch hour rush. Defendant stated that he did not believe that anyone else saw Plaintiff enter the restaurant on January 13, 2014, because she was there for such a short period of time. He said that no security cameras would have captured her visit either. Defendant explained that

---

needed the automobile." [DE 24-1].

he did not know Plaintiff's work schedule and that he was unaware of Plaintiff's deposition date until she told him about it.

Finally, Michelle Hardy testified. She stated that she is the sole individual at Minerley Fein, P.A. (Defendant's counsel), who is responsible for scheduling depositions. While she generally notifies a client when a deposition in his or her case has been scheduled, she forgot to notify Defendant that Plaintiff's deposition had been scheduled for January 14th after coordinating the deposition with Plaintiff's counsel. On January 14, 2014, Plaintiff's counsel arrived at the law firm's office for the deposition, but Plaintiff never appeared. After Plaintiff's counsel left, Plaintiff's counsel's assistant called Minerley Fein, P.A., stating that Plaintiff's boyfriend had called Plaintiff's counsel's office to say that a family emergency was preventing Plaintiff's appearance at her deposition. Ms. Hardy believes that Plaintiff must have told Defendant about her scheduled deposition as there was no other way for Defendant to have found out about it.

Plaintiff's counsel argued that the email from Plaintiff's counsel to Defendants' counsel advising Defendants' counsel of Defendant's threats on the eve of the deposition demonstrates that Plaintiff did not simply make an excuse for failing to appear at her deposition after the fact. Defendants' counsel explained that she responded to the email and told Plaintiff's counsel that she objected to Plaintiff not appearing at the deposition and that the deposition would go forward regardless.

At the conclusion of the February 6, 2014 hearing, the Court instructed counsel for the parties to confer and come up with a mutually agreeable deposition date for Plaintiff. They agreed to conduct the deposition on February 19, 2014, at 1:00 p.m. at the law office of Minerley

Fein, P.A. Additionally, the parties agreed that Defendant would not attend the deposition. The Court ordered the deposition of Plaintiff to proceed on February 19, 2014, at 1:00 p.m. at the law office of Minerley Fein, P.A. The Court also directed Plaintiff and Defendant to have no further contact with one another during the pendency of the lawsuit.

## DISCUSSION

The Court, having considered the argument of the parties and the evidence presented, and having observed the demeanor of both Plaintiff and Defendant, finds that both Plaintiff and Defendant were somewhat lacking in credibility and that the truth of what occurred on January 13, 2014, most likely lies somewhere in the middle of Plaintiff's and Defendant's renditions of the facts. Plaintiff admitted under oath that she had included an untruthful statement in her notarized affidavit. Additionally, the parties' explanations of the facts were so incredibly divergent that they even disagreed about basic issues such as whether Plaintiff had ever worked at Defendant's restaurant. Moreover, the Court notes that there is a lack of objective evidence in this case, such as security camera footage or a completely objective witness. This is a classic "he said/she said" situation.

Defendants have moved for sanctions against Plaintiff under the Federal Rules of Civil Procedure. Rule 37(d)(1)A) states that the court "may . . . order sanctions if a party . . . fails, after being served with proper notice, to appear for that party's deposition." Fed. R. Civ. P. 37(d)(1)(A). The Court has discretion under the Rule to determine whether sanctions are appropriate. In this case, based on the Court's above findings, sanctions are not appropriate. Federal Civil Rule of Civil Procedure 37(d)(3) states in part, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both

to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Here, the circumstances do make an award of expenses unjust as the Court cannot definitively determine what actually happened between the parties on January 13, 2014. Moreover, Plaintiff agreed in open court to attend her re-set deposition, which demonstrates her willingness to cooperate in the discovery process. Since the discovery period has not yet closed, there is no prejudice to Defendants.

Additionally, Plaintiff has moved for sanctions against Defendant Richard Gryl for his alleged threats. District courts have broad discretion to impose sanctions; this power is derived from the "court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.,* 427 F.3d 939, 944 (11th Cir. 2005) (citing *Chambers v. Nasco, Inc.,* 501 U.S. 32, 43 (1991)). In the instant case, based upon the above findings, the Court finds that sanctions are inappropriate, however. The Court ordered Plaintiff and Defendant to have no contact with one another during the pendency of this case, and no further sanctions are called for at this time based upon the record presently before the Court.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants, RLG Pizza, Inc. d/b/a Vitarelli's Pizza and Richard Gryl's Motion to Compel Plaintiff's Attendance for Plaintiff's Deposition and for Sanctions against Plaintiff for Failing to Attend Her Properly Noticed Deposition [DE 19] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall appear for her deposition on February 19, 2014 at 1 p.m. at the law office of Minerley Fein, P.A. The Court will not impose sanctions in the form of

attorney's fees and costs against Plaintiff at this time.

    2. Plaintiff's Motion for Sanctions against Individual Defendant Richard Gryl for Willful Actions to Impede the Prosecution of a Federal Proceeding [DE 23] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff and Defendant are directed to have no further contact with one another during the pendency of the lawsuit.  The remainder of Plaintiff's motion is denied.

    **DONE AND ORDERED** in Chambers this 13th day of February, 2014 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE