UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81028-CIV-MARRA/MATTHEWMAN

ANGELA DUBYK, on her own behalf and
others similarly situated,

Plaintiff,

vs.

RLF PIZZA, INC., d/b/a VITARELLI'S PIZZA
and RICHARD GRYL, individually,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (DE 5).  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On October 10, 2013, Plaintiff Angela Dubyk ("Plaintiff") filed a four-count Complaint against Defendants RLG Pizza Inc. and Richard Gryl ("Defendants"), alleging overtime violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (counts one and two),  Article X, Section 24 of the Florida Constitution (count three) and seeking declaratory relief pursuant to 28 U.S.C. § 2201 (count four). (Compl., DE 1.)

According to the allegations of the Complaint, Plaintiff was employed by Defendants as a server.  (Compl. ¶ 17.)  RLF is a restaurant with two or more employees who regularly handled and worked with goods or materials moved in or produced in commerce. (Compl. ¶5.)  Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the state of Florida. (Compl. ¶ 7.)  Defendants were, and continue to be, an enterprise engaged in commerce

and engaged in the "production of goods for commerce." (Compl. ¶¶ 10-11.) The annual gross revenue of Defendants was in excess of $500,000.00 per annum. (Compl. ¶ 12.) Plaintiff was "engaged in commerce" and in the "production of goods for commerce" and subject to the individual coverage of FLSA. (Compl. ¶ 13.) Defendants did not pay Plaintiff overtime or the minimum wage. (Compl. ¶¶ 23, 31.)

Defendants move to dismiss the Complaint, arguing the Complaint is devoid of facts to support its FLSA claims and fails to state a claim under state law and for declaratory relief.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

With respect to the FLSA claims, Defendants contend that the Complaint does not allege sufficient facts showing that Plaintiff or her employer engaged in commerce or the production of goods for commerce.

To establish a claim under FLSA, Plaintiff must demonstrate that Defendants employed her, that Defendant is an enterprise engaged in interstate commerce, that Plaintiff worked in excess of a 40-hour week and Defendants did not pay her overtime wages or a minimum wage. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).  The overtime provisions of the FLSA cover enterprises engaged in commerce or in the production of goods for commerce as well as employees who themselves are either engaged in commerce or in the production of goods for commerce. See 29 U.S.C. § 207(a)(1). For individual coverage to apply under the FLSA, Plaintiff must be able to show that she was (1) engaged in commerce or (2) engaged in the production of goods for commerce. Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006). For enterprise coverage to apply, the enterprise must be engaged in commerce and its gross sales must exceed $500,000 annually. See 29 U.S.C. §§ 207(a)(1); 203(s)(1)(A).

Here, the Complaint adequately alleges that Defendants employed Plaintiff and did not pay her overtime in excess of a 40-hour work week or a minimum wage. With respect to the allegations relating to enterprise coverage, the Court finds that it is sufficient that the Complaint

3

states the annual gross revenue of Defendants was in excess of $500,000.00 and Defendants engaged in commerce.[1]  See Powell v. Morton Plaint Mease Health Care, Inc., 174 Fed. App'x 520, 521 (11th Cir. 2006) (discussing the prima facie case for a FLSA claim).

The Court rejects Defendants' claim that the Court should disregard the allegation that the annual gross revenue of Defendants was in excess of $500,000.00 because the Complaint stated it was based on "information and belief."  Specifically, Defendants state "[a]llegations not based on personal knowledge do not have to be regarded by the court."  In support, Defendants cite to Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292  (11th Cir. 2011). (Mot. at 7.)  That case, however, concerns summary judgment and discusses the failure of Plaintiff to meet the summary judgment burden of coming forward with admissible evidence.[2]  Id. at 1315.  In any event, "[t]he Twombly plausibility standard, which applies to all civil actions . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible."  See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010); Ceant v. Aventura Limousine & Transp. Svc., Inc., 874 F. Supp. 2d 1373, 1378-79 (S.D. Fla. 2012) (adequate for the FLSA plaintiff to allege that the defendant's gross annual revenues meet the $500,000.00 requirement

---

[1] Because the allegations are sufficient to establish enterprise coverage, it is not necessary to address whether the Complaint properly alleges individual coverage.

[2] The remaining cases relied upon by Defendants (Mot. at 7) are in the context of summary judgment and sanctions, and not at the motion to dismiss stage.  The Court also rejects Defendants' contention that, at the pleading stage, it is necessary for Plaintiff to prove the number of hours she worked and the overtime owed, week by week (Mot. at 8).  See Bozeman v. The Hurst Law Group, P.L., No. 10–80500–CIV, 2010 WL 3294336, at * 2 (S.D. Fla. Aug. 20, 2010).

on "information and belief").

Next, the Court will address Defendants' argument that Plaintiff failed to plead notice in compliance with Florida Statute § 448.110(6)(a), which they claim required Plaintiff to notify the employer of her intent to initiate an action for unpaid minimum wages under the Florida law. Significantly, Defendants recognize that courts have split on the constitutionality of this requirement. See generally Nichols v. Laboratory Corp. of Am., No. 2:13–cv–848–FtM–38CM, 2014 WL 820656, at * 3 (M.D. Fla. Mar. 3, 2014). At the same time, in her response memorandum (Resp. at 7), Plaintiff asserts that she nonetheless complied with this notice requirement. At the motion to dismiss stage, however, the Court cannot look beyond the four corners of the Complaint. See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir.2002). To avoid ruling on a state law matter that, based on Plaintiff's representation, appears moot, the Court will allow Plaintiff to amend her Complaint to allege she complied with this requirement.

Finally, the Court rejects Defendants' argument that the declaratory judgment claim should be dismissed. Defendants' claim that, by impermissibly combining the FLSA claim with the declaratory judgment claim, the Complaint constitutes a shotgun pleading. The Court rejects this argument. The Court has reviewed the Complaint and finds that the Court and Defendants can ascertain from the Complaint how Plaintiff was allegedly wronged by Defendants, what legal theories Plaintiff is pursuing and how the factual assertions play into those legal theories. See Your Baby Can, LLC v. Planet Kids, Inc., 10-81266-CIV, 2011 WL 197421, at * 2 (S.D. Fla. Jan. 20, 2011). As such, this is not a shotgun pleading.

Nor will the Court dismiss the declaratory judgment claim as superfluous. To begin,

claims may be plead in the alternative.  Snyder v.  Glen Lakes Partnership, Ltd., No. 8:11–cv–845–T–30EAJ, 2011 WL 2881843, at * 1 (M.D. Fla. July 19, 2011) (permitting FLSA claim and declaratory judgment claims to proceed); see  Fed. R. Civ. P. 8(d); Gelfound v. Metlife Ins. Co. of Connecticut, — F. Supp. 2d — , 2014 WL 584214, at * 3 (S.D. Fla. Feb. 14, 2014) (noting that while equitable relief ultimately may not be awarded where there exists an adequate remedy at law, the plaintiff may plead alternative relief).  Furthermore, given that Plaintiff brings her claim on behalf of herself and other similarly situated employees, Defendants' argument that there is an absence of a "present right" (Mot. at 12) to adjudicate is unpersuasive.  Id.  Thus, the Court finds there is no basis to dismiss the declaratory judgment claim simply because Plaintiff has brought a FLSA claim.  See Ceant, 874 F. Supp. 2d at 1382; Puleo v. SMG Property Management, Inc., No. 6:08-cv-86-Orl-22DAB, 2008 WL 3889727, at * 2 (M.D. Fla. 2008).

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that  Defendants' Motion to Dismiss Plaintiff's Complaint (DE 5) is **DENIED**.  Plaintiff may amend **within 14 days of the date of entry of this Order** to assert that she gave notice of her state law claim to Defendants.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of March 2014.

_____
KENNETH A. MARRA
United States District Judge